The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, Arkansas 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following question:
 It is a common practice for County governments to lease purchase equipment from either County General or County Road funds. Often these leases are held by a lending institution, and title is not transferred to the County government. If a County should choose to dispose of the equipment being leased, is the County required to abide by the State laws pertaining to the disposition of County owned equipment?
It is my opinion that the answer to this question will depend upon the facts surrounding particular lease agreements, each of which may contain different provisions. The relevant statute requires compliance with certain procedures in the disposition of real or personal property "belonging to the county." See A.C.A. § 14-16-105. The fact that the county does not actually hold title to the "leased" property, in my opinion, is not dispositive of your question. In some instances, the property may "belong" to the county, even if the county does not hold title to it.
The fact that the county has the right to "dispose" of the property may well indicate that the county in fact "owns" the property, and thus must comply with the applicable procedures for disposing of the property.
The problem arises because many of these so-called "lease-purchase" agreements are in reality conditional sales contracts. Although title may not transfer to the lessee, other provisions of the "lease" may indicate that the lessee has the ownership interest in the property. See generally, (in the usury context), Hill v. Bentco Leasing, Inc., 288 Ark. 623,708 S.W.2d 608 (1986), and Bell v. Itek Leasing Corp., 262 Ark. 22,555 S.W.2d 1 (1977). The court in each case noted several factors which may indicate that a "lease" is actually a "sale," i.e.: 1) the payment over the lease term of an amount equal to or greater than the stated price of the goods, 2) all risk of loss of the property placed on the lessee, 3) remedies upon default are those ordinarily accorded to a conditional seller, (lessor could declare the entire amount due, repossess the equipment, sell it and hold the lessee liable for any deficiency), 4) any surplus on sale of the property would belong to the lessee, and 5) an option to buy the property for a nominal amount.
The court in Bell v. Itek Leasing, supra, noted that:
 It has been suggested that the `most fruitful single test' to distinguish a sale from a true lease is the absence of any appreciable residual in the lessor at the expiration of the lease. [Citations omitted.] This is the net effect of a purchase option for a nominal sum, since exercising that option is the only prudent course for the lessee. [Citations omitted.] Therefore, the lessor's only interest in the goods at the end of the lease is the nominal amount of the purchase option.
 There are other situations, however, where there is no provision for a purchase option by the lessee, and title never technically passes from the lessor to the lessee, but the lessor still has no expectation of a material interest in the property at the expiration of the lease term. The lessee in such cases is deemed to have become the owner of the property.
Id. at 627.
It is thus my opinion that if the factors discussed above are present in a lease-purchase of equipment by a county, the county is obligated to comply with the provisions of law applicable to the disposition of county property, i.e., appraisal, notice, and bidding. See A.C.A. § 14-16-105. To conclude otherwise would grant a county the means to circumvent the provisions of a statute intended to make public all dispositions of county property. See State ex rel. Miller County v. Eason,219 Ark. 36, 240 S.W.2d 36, (1951).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb